**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2202002301 |
| | ) | |
| CLYDE PENNY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On this 9th day of October, 2025, upon consideration of Defendant Clyde Penny's ("Defendant") *pro se* Motion for Modification of Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b), the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      On October 22, 2024, Defendant was found in violation of probation.[1] Effective October 22, 2024, the Court sentenced Defendant to seven years at Supervision Level V, suspended after nine months at Level IV (DOC Discretion), followed by one year at Level III (GPS).[2]

2.      On July 15, 2025, Defendant filed the Motion, in which he asks the Court to modify his sentence to suspend Level IV following his completion of the Road to Recovery program.[3]  The Court is also in receipt of Defendant's letter filed

---

[1] D.I. No. 18.
[2] D.I. No. 19.
[3] D.I. No. 20.

July 21, 2025,[4] and the supplemental materials he filed on August 8, 2025.[5]  In support of his Motion, Defendant asserts that (1) he has successfully completed Road to Recovery and other educational opportunities; and (2) Defendant has secured employment, housing, and a stable support network.[6]

3.     When considering a motion for modification of sentence, this Court addresses any applicable procedural bars before turning to the merits.[7]  This Motion is Defendant's first motion for modification of sentence, so it is not barred as a repetitive request.[8]  The Motion seeks to modify the terms of partial confinement or probation, so it is not subject to the 90-day limitation that applies to a motion for reduction of imprisonment sentence.[9]  The Motion is thus procedurally proper.

4.     Nevertheless, the Motion fails on the merits.  The Level IV sentence imposed is an appropriate transition sentence that is integral to the Court's overall "sentencing scheme" or "plan."[10]  The Court properly imposed the Level IV sentence after a thorough review of the crimes that Defendant committed and the sentencing information available on record.  In addition, Defendant's Level IV program

---

[4] D.I. No. 21.
[5] D.I. No. 22.  Defendant provided his Road to Recovery "Most Improved" certificate and his e-learning transcript.
[6] D.I. No. 20.
[7] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[8] *See Gladden v. State*, 2020 WL 773290, at *2 (Del. Feb. 17, 2020) ("The Superior Court will not consider repetitive motions for sentence reduction.").
[9] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).
[10] *See State v. Redden*, 111 A.3d at 609.

assignments are left to the Department of Correction's determination, and the Court will not micro-manage the Department.[11] Although the Court applauds Defendant's effort to participate in educational and rehabilitative programs, it does not provide a valid basis to modify or amend his sentence.[12]

    5.    Defendant's sentence is appropriate for all the reasons stated at sentencing. Accordingly, Defendant's Motion for Sentence Modification is hereby **DENIED**.

    **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc: Clyde Penny (SBI#00901640)

---

[11] *See State v. Bolling*, 2021 WL 2408426, at *4 (Del. Super. June 14, 2021) (denying request to modify Level IV placement because "[the defendant's] placement and program assignment for completion of his Level IV term is a matter the Court has left to the [Department of Correction] to determine given his circumstances when he has finished the Level V portion of his sentence.").

[12] *See State v. Weidow*, 2015 WL 1142583, at *2 (Del. Super. Mar. 11, 2015) ("However, remorse and positive behavior while incarcerated are not bas[es] to modify or reduce a sentence that was appropriate at the time of sentencing.").